WILLIAM STOCKDALE ET AL. v. SCHOOL DISTRICT No. Two OF WAYLAND, WILLIAM H. WHITE ET AL.

*School-districts—Recognition of equitable claims—Issue of bonds—Rescission of corporate acts.*

A school district in its annual meeting may lawfully recognize and pay equitable claims even though they are not strictly legal demands against it.

A vote to issue school-district bonds in settlement of a demand, if in excess of the limit fixed by law, may be sustained up to the legal limit.

A corporate act which can only be taken by a two-thirds vote, cannot be rescinded by a bare majority.

Appeal from Allegan. Submitted October 14. Decided October 27.

INJUNCTION. Defendant White appeals. Reversed.

*Godwin & Earle* for complainants.

*Padgham & Padgham* for defendant White.

COOLEY, J. The bill in this case is filed by tax-payers of a school-district to restrain the district board from issuing bonds. The facts are set forth in the answer and are as follows:

One White was contractor for building a school-house for the district, and completed his work and received the con-

tract price therefor.   He also performed extra labor amount-
ing in value to one hundred and eighty-one dollars, upon
which fifty dollars were paid.   At the annual school-meeting
of 1880 the electors by a two-thirds vote, on his petition
showing that he had lost money on the contract, voted to
pay him in settlement $730.31, and to issue bonds therefor.
Voters dissatisfied with this action procured a special meet-
ing to be called a few days thereafter, at which the proposi-
tion to rescind the former action was voted upon, and a
majority but not two-thirds voted in its favor.   The moder-
ator decided that a two-thirds vote was essential, and that
consequently the rescinding vote was lost.   This suit was
then instituted, making the district and White defendants,
and the court of chancery awarded a perpetual injunction.
White alone appealed.

1. It is insisted on behalf of the complainants that the
district had no power to vote a bonus to the contractor.   But
there is no statute which forbids it, and as contracts are not
required to be·let to the lowest bidder, we do not think
there was any want of power in this regard.   On the show-
ing made by White he had a legal claim to the amount of
$131, and a strong equity to all that was allowed him ; and
it has often been decided that municipal corporations like
individuals need not stand on strict legal rights, but might
recognize equitable claims and provide for them.   *Brewster
v. Syracuse* 19 N. Y. 116 ; *Friend v. Gilbert* 108 Mass.
408 ; *Blanding v. Burr* 13 Cal. 343 ; *Sherman v. Carr* 8 R.
I. 431 ; *Baker v. Windham* 13 Me. 74 ; *Wilkinson v. Cheat-
ham* 43 Ga. 258.

2. There seems, however, to have been a statutory limit
to the amount of bonds which the district might issue ; and
this was overlooked at the first meeting.   The limit for dis-
tricts having more than 100 and less than 200 children
within the school ages—as this district had—is $3000.
Public Acts 1877 p. 169.   The district was already bonded
to the amount of $2700, and if the vote had been limited to
$300 it would have been valid.   Having exceeded that sum,
it is claimed to be void.   In *McPherson v. Fosters* 43 Iowa

48, involving substantially the same question, the vote was held valid to the extent that would have been admissible had the limited sum been proposed and voted; and we agree in this view. See also *Grand Gulf Bank v. Archer* 8 Smedes & M. 151. The injunction should therefore have been restricted to the excess above $300.

3. We think the moderator was correct in holding that a mere majority could not rescind the vote which had been required to be taken by a two-thirds vote, and had been so taken. The decree must therefore be reversed and a new decree entered, restricted as above indicated. To give White the full benefit of his appeal the modification will be made as to both defendants. Each party will be left to pay his own costs of both courts.

The other Justices concurred.