## SCHOOL DISTRICT No. 9 IN CLARENDON, *v.* THOMAS BROWN.

*School.    Teacher.    Certificate.    Superintendent.    Statute of Limitations.    Voter.*

The teacher obtained a certificate in one town, and taught in another town which had elected one a superintendent who was not a voter in town meeting. He, however, served in his office for a while, visited the teacher's school, and promised to "endorse" her certificate ; but this he fai ed to do, having removed from the town, and soon afterwards died. Payment was made to the teacher in March, 1876 ; this suit was commenced in July, 1880, to recover under the statute of the committee what he had paid, on the ground that he paid to one who did not have a legal certificate. *Held,*

1. The action can not be sustained.
2. One is not eligible to the office of superintendent of school unless he is a voter in town meeting.

School District *v.* Brown.

3. There being no lawful superintendent in the town where the school was taught, the certificate was valid. R. L. s. 489.
4. The statute authorizing a recovery is penal ; and the Statute of Limitations is a bar.
5. R. L. ss. 523, 2644, voters in school meeting ; s. 1717—penalty, Statute of Limitations ; s. 489, office of superintendent vacant ; s 495, committee liable if he pays teacher without certificate—construed.

CASE, under the statute to recover of the defendant what he had paid a teacher, who, it was claimed, had not obtained a legal certificate. Heard on the report of a referee, March Term, 1882, VEAZEY, J., presiding. Judgment for the defendant.

The committee paid the teacher with orders on the district, the last one dated March 3d, 1876. This action was commenced July, 1880. The other facts are stated in the opinion.

*J. C. Baker*, for the plaintiff.

No law requires one to be a voter to be eligible to the office of town superintendent. He was exercising the office *de facto*, and Miss Farrell knew he was so acting as superintendent at the time she engaged to teach this school.

A teacher cannot sit in judgment on the title of the town superintendent to his office. He was elected and acting, to her knowledge ; and his public official acts and character cannot be enquired into collaterally, by the public who have business with the office. *Johns* v. *People*, 25 Mich. 499 ; *Eaton* v. *Harris*, 42 Ala. 491 ; *Adams* v. *Jackson*, 2 Aik. 45 ; 36 Vt. 329, 396.

*Prout & Walker*, for defendant.

Sherman was ineligible to office, not being a voter. Gen. St. c. 15, ss. 1, 2, 13. The certificate was therefore valid. Gen. St. c. 22, s. 59 ; *Holman* v. *School Dist.* 34 Vt. 270.

Miss Farrell was perfectly protected by Sherman's agreement to endorse his approval upon the Rutland certificate. It was not necessary that he should personally examine her as to her qualifications. *George* v. *School Dist.* No. 8, 20 Vt. 495. Especially in view of the existing law providing a uniform set of questions for each county, and a fixed percentage as a standard for success. R. L. ss. 485–489. Nor was it essential that the certificate should be actually delivered to the teacher. The *decision* of the super-

intendent is the efficacious act.    *Blanchard* v. *School District*, No. 11, 29 Vt. 433.    A teacher's certificate is effectual from the time it is given, although the school may have already commenced. *Paul* v. *School Dist.* 28 Vt. 575 ;    *Scott* v. *School Dist.* 46 Vt. 452 ; 41 Vt. 353.

The statute allowing a recovery is penal.    The Statute of Limitations is a bar.    R. L. s. 1717 ;    *Carter* v. *Howard*, 39 Vt. 108 ; 1 Tyler, 283.

The opinion of the court was delivered by

REDFIELD, J.    This case savors of " mint and cummin," while " the weightier parts of the law " are not much invoked.    Brown had been sole committee man for the district, and, as such, he hired Miss Farrell to teach the district school the two terms, in 1875, beginning the first Mondays of May and November, respectively.    She obtained her certificate of qualification at a public examination of teachers in the town of Rutland, early in the season, not then being determined in her own mind whether she would teach school or not ; but was subsequently hired by defendant Brown to teach the school in question.    The town of Clarendon at the March meeting, A. D. 1875, elected one E. M. Sherman superintendent of schools for said town, who accepted the office.

On the 28th of May of that year, he visited Miss Farrell's school, and while there Miss Farrell made known to him that she held a certificate of qualification from the authorities of Rutland ; and he told her that was satisfactory, and to have it with her the next time he visited the school, and he would then " endorse it." He never afterwards visited the school, but about the 13th of September removed from said town, and soon afterwards died.

I.    It is urged that Sherman was not eligible to the office of superintendent of schools, in March, 1875.    He had no grand list in that town at the time, and was not a legal voter in said town.    At the annual meetings " towns shall choose from among the inhabitants thereof " the town officers.    But the *voters* are those " whose lists have been taken in (such) town at the annual

assessment next preceding a town meeting "; and a meeting of *such voters* shall be held in each town. It is certainly reasonable, that as those only who have the legal right to vote have the right to attend and participate in town meetings, such are the persons from " among whom " officers shall be chosen.

II. It is claimed, also, that this action is *penal* in its character, and is barred by the Statute of Limitations. There is much force in this suggestion. The recovery is sought of Brown of a sum of money for non-compliance with the law ; and is as much a *penalty* as if the statute declared that Brown should *forfeit* $100 if he paid a teacher who had not obtained a *certificate*.

The provision of the statute is susceptible of the construction, doubtless, that Brown having paid the money to the teacher without warrant of law from the treasury of the district, should restore it to its rightful place ; and in that view the law would be remedial, and should be liberally construed to advance the remedy. But we prefer to determine this case upon its more substantial merits. Were this an action in favor of the teacher to recover her wages, we think the defence, that she had not complied with the law in regard to a *certificate*, would not avail.

She had, in proper season, obtained a certificate at a public examination of teachers in Rutland, the principal and capital town of the county, which gave the better guarantee of qualification and fitness. She had made that known to the superintendent of Clarendon ; and he had assured her he would " endorse it " at his next visit to the school. He was ready to do it *then*, but, by accident, it was not then at hand. She relied upon the promise and assurance. The superintendent removed from town ; was taken sick and died. At the time she commenced the winter term there was no superintendent of schools in Clarendon, and she could rightfully rely upon her Rutland certificate. The promise to " endorse the certificate " was to give it character and effect from its date. The fact that the " endorsement " was not actually written upon the certificate was rather a casualty than the fault of any one.

She might rely upon his promise and reasonably expect that he would revisit the school, and afford the opportunity to do what he

had promised, but a providential incident intervened and prevented, which was in no sense her fault. We think she would not be barred by the statute the recovery for meritorious services as teacher in the public schools. And for a stronger reason the committee could not be punished for paying her what was legally her due.

This is, we think, entirely in accord with the reasoning of RED-FIELD, Ch. J., in *Blanchard* v. *School District*, 29 Vt. 433 ; also, *George* v. *School District*, 20 Vt. 495 ; and gives force and effect to the statute for all useful ends.

It is not unfrequent or unnatural in the mutations of these petty officers, when Smith must be made to tread carefully in official duties, and Brown must be made to *smart* for not having " gone according to law," that stringent statutes, wisely made to " spur up " men in the discharge of a public trust, are twisted to subserve mischievous ends.

The judgment of the County Court is affirmed.