## DAVIESS COUNTY *v.* DICKINSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Argued March 22. 1886.—Decided April 12, 1886.

A statute of Kentucky authorized a county court to subscribe to such an amount as it might determine in the stock of a railroad company, and to levy the taxes necessary to pay for the stock so subscribed, or to issue bonds of the county for the amount, the bonds to be in such sums and payable at such times as the county court might determine; but provided that a proposition to subscribe for stock to an amount to be suggested and fixed by commissioners named in the statute should be first submitted to the voters of the county, and approved by a majority of the votes cast. The county court, upon the suggestion of those commissioners, submitted to the voters a proposition to subscribe for $250,000 of the stock, and, in obedience to their vote, ordered that the county court subscribe that amount, and that bonds to that amount, for sums and payable at times specified in the order, with the signatures of the presiding judge and the clerk of the county court and the seal of the county, should be sold or disposed of by a committee appointed for the purpose, and a list of them entered upon the records of the county. The presiding judge and clerk issued such bonds for a greater amount, so signed and sealed, and with a certificate on the back of each, signed by the judge only, that it was issued as authorized by the statute and by an order of the county court in pursuance thereof. All the bonds as they were delivered were entered upon the records of the county court, in a register open to public inspection. *Held,* That the county court had power to issue bonds to the amount of $250,000 only; that the bonds issued in excess of that amount were unlawful and void, even as against a purchaser before maturity, for value, and without notice of the over-issue; that the bonds to that amount, which were first delivered, were the valid ones, and that the county was not estopped to, deny the validity of the others, either by the certificate endorsed thereon, by the judge, or by payment of interest on all the bonds.

This was an action brought April 3, 1879, in the Circuit Court of the United States for the District of Kentucky, by Dickinson against the County of Daviess, on bonds and coupons, alleged to have been issued under the statute of Kentucky of February 27, 1867, ch. 1505, incorporating the Owensboro and Russellville Railroad Company, the material provisions of which were as follows:

By § 1, five persons named in Daviess County, and certain other persons named in each of four other counties, are "appointed commissioners, under the direction of whom, or any three of whom, in each of said counties, subscription may be received to the capital stock of the Owensboro and Russellville Railroad Company hereby incorporated."

By § 2, " The capital stock of said Owensboro and Russellville Railroad Company shall be one million dollars, in shares of twenty-five dollars each."

By § 19, " The county courts of Daviess," and those four other counties, "shall have power, and are hereby authorized, to subscribe to the capital stock of said company in such number of shares as may be determined by said county courts respectively, and to levy upon the taxpayers of such counties respectively such taxes as may be necessary to pay the stock so by them respectively subscribed; and said county courts may, if they shall deem it prudent, issue the bonds of said counties respectively for the amount of stock subscribed, or any part thereof; said bonds to be in such sums, and payable at such times, as said county courts may determine upon. But before such stock shall be subscribed by said county courts, the said county courts shall submit to the voters of said counties the proposition to subscribe stock and the amount thereof, (to be suggested and fixed by the commissioners named herein in each of said counties,) at an election to be held on the third Monday in April, 1867, in each of the counties aforesaid, due notice of which shall be given by the sheriffs in each of said counties, by written advertisements posted in each of the voting precincts thereof for at least thirty days before said day of election; and said stock shall not be subscribed unless a majority of all the votes cast at said election be in favor of such proposition; and

said county courts shall have power to appoint suitable and necessary officers to conduct such election, and to provide for the collection of the tax aforesaid, if a majority of the votes cast at such election is in favor of the proposition aforesaid."

At the trial the following facts were admitted:

At March Term, 1867, of the Daviess County Court, upon the suggestion of the five commissioners named in the charter of the railroad company, that court ordered to be submitted to the voters of the county, on the third Monday in April, 1867, this proposition: "Shall or shall not the County Court of Daviess County subscribe ten thousand shares, being the sum of two hundred and fifty thousand dollars, to the capital stock of said Owensboro and Russellville Railroad Company?"

At April Term, 1868, George W. Triplett, presiding judge, and a majority of the justices of the peace of the county being present, the county court, upon motion of Edward C. Berry, one of those justices, adopted the following order: "In obedience to the will of the majority of the voters and taxpayers of this county, as expressed and recorded in the poll-book at the election held on the 15th day of April, 1867, it is now ordered that this court do subscribe two hundred and fifty thousand dollars to the capital stock of the Owensboro and Russellville Railroad Company, and George W. Triplett, presiding judge of this court, is ordered and directed to make said subscription of said stock in manner and form as prescribed by the charter incorporating said company."

At July term, 1868, of the county court, " It is ordered, that George W. Triplett, presiding judge of Daviess County Court, William B. Tyler [who was the treasurer of the railroad company] and E. C. Berry be and are hereby appointed a committee on behalf of the County Court of Daviess County, to have bonds executed and prepared of a sufficient amount to satisfy and pay off the subscription on the part of the county of Daviess to the Owensboro and Russellville Railroad Company; that said bonds be executed and made payable as follows, viz.:

" Fifty thousand dollars, five years from date.

" Fifty thousand dollars, ten years from date.

" Seventy-five thousand dollars, fifteen years from date.

"Seventy-five thousand dollars, twenty years from date.

"The county reserving the right to pay at any time after five years; the interest on the same, at the rate of six per cent. per annum, to be due and payable semi-annually at such place or places as the committee may determine upon; and that said bonds shall be of such denominations as said committee shall deem best, with interest coupons attached, and said bonds shall be signed by the presiding judge of Daviess County and the clerk of the County Court of Daviess County, and have the seal of the county impressed on each; and said committee, or a majority of the same, may sell and dispose of said bonds, either to the Owensboro and Russellville Railroad Company, or to individuals or other corporations, on such terms as said committee may deem best and most advisable to the interests of the county of Daviess in paying the subscription of said county to the said Owensboro and Russellville Railroad Company; and they are hereby authorized to raise funds from said bonds, either by sale to individuals or corporations, or by contract with said railroad company, so as to pay off and meet all calls made by the Owensboro and Russellville Railroad Company by reason of the subscription of stock on behalf of the county of Daviess to said railroad company.

"It is further ordered, that whenever any bond shall be sold or otherwise disposed of by said committee for the purposes aforesaid, that a list of said bonds shall be made, giving the amount, number and denomination of same, with the amount of coupons attached to each at the time of their disposal; and said list so furnished shall be entered upon the records of the County Court of Daviess by the clerk of same."

George W. Triplett, the presiding judge, and Thomas C. Jones, the clerk of the County Court, claiming to act under the authority of this order, signed as such judge and clerk bonds of the county, and under the seal of the county court, as follows:

Bonds payable in five years, to the amount of......  $51,250
Bonds payable in ten years, to the amount of........  65,200
Bonds payable in fifteen years, to the amount of.....  76,500
Bonds payable in twenty years, to the amount of......  127,500

$320,450

The bonds of each class had distinct letters and were numbered in a series; and each bond, omitting the letter and number, the sum and the time of payment, and the coupons annexed, was as follows:

"United States of America,
"County of Daviess, State of Kentucky:
"On account of stock subscribed in the Owensboro and Russellville Railroad Company ——— years after date the County of Daviess in the State of Kentucky promise to pay to bearer the sum of ——— dollars, with interest thereon at the rate of six per cent. per annum, payable semi-annually, upon presentation of the proper coupons hereto attached, the principal and interest being payable at the Deposit Bank, Owensboro, and to secure the payment of which the property and credit of the county are pledged.

"In testimony whereof, the judge of the County Court of Daviess County has hereunto set his hand and affixed the seal of the said court, and caused the same to be countersigned by the clerk of the said court, who has also signed the coupons hereto attached, this — day of ———, 18—.

[SEAL.]　　　　　　　　　"GEORGE W. TRIPLETT,
　　　　　　　　　　　　"Judge of County Court.
"T. C. JONES, County Clerk."

Each bond had the following certificate, plainly printed on the back thereof: "This bond is issued as authorized by an act of the Kentucky legislature, approved February 27, 1867, entitled 'An Act to charter the Owensboro and Russellville Railroad Company,' and by an ordinance of the County Court of Daviess in pursuance thereof;" and signed "George W. Triplett, Judge of the County Court of Daviess."

All the bonds so issued (except bonds to the amount of $800, payable in five years, and of $200, payable in ten years, which were sold and delivered to individuals by Triplett, Tyler and Berry, committee as aforesaid, in September, 1879) were delivered by Triplett to the railroad company in various amounts on different days from June 5, 1869, to March 22, 1870. The

last two deliveries were as follows : On February 17, 1870, were delivered bonds payable in ten years, to the amount of $12,500, like bonds to the amount of $53,700 having been delivered previously. On March 22, 1870, were delivered bonds payable in twenty years, to the amount of $92,500, the amount of like bonds previously delivered being $35,000, and the amount of all bonds previously delivered being $227,950. Of the bonds delivered to the railroad company before February 17, 1870, there were afterwards returned by the company, and cancelled and destroyed by the county, bonds payable in five years to the amount of $100, and bonds payable in fifteen years to the amount of $3000, leaving the excess issued $67,350.

Among the records of the county court, was a register, open to public inspection, in which were registered all the bonds as they were delivered.

The coupons on all the bonds were paid by the county up to and including January 1, 1877. The county also paid, before July 1, 1877, all or nearly all the bonds payable in five years, as well as five bonds of $100 each payable in ten years. The other bonds have not been paid.

The court, against the defendant's objection, admitted testimony of the plaintiff that at various dates from February 1, 1870, to July 9, 1875, he purchased, before maturity and for value, the bonds and coupons sued on. These consisted mostly of bonds payable in ten years to the amount of $9000, being some of those delivered to the railroad company on February 17, 1870, and the unpaid coupons annexed ; and of coupons for $1380, detached from some of the bonds payable in twenty years, which had been delivered to the railroad company on March 22, 1870. Payment of the bonds and coupons held by the plaintiff was demanded by him on January 1, 1879, and refused by the county.

Upon a bill filed May 12, 1875, by taxpayers of the county against the county court, the railroad company, and various bondholders by name (not including the present plaintiff), the Circuit Court of the county, on January 24, 1876, adjudged that the issue of bonds beyond $250,000 was unlawful and void, and that the county court be restrained by injunction

from levying any tax to pay the excess of $67,350, or interest thereon ; and on March 30, 1876, the decree was affirmed by the Court of Appeals. *Daviess County Court* v. *Howard*, 13 Bush, 101.

The defendant moved the court to instruct the jury to find for the defendant. But the court overruled the motion ; and, at the plaintiff's request, instructed the jury that if they believed that the plaintiff purchased the bonds and coupons sued on, before their maturity and for value, and without notice that more than $250,000 of bonds had been issued by the defendant, the law was for the plaintiff ; and that the plaintiff, before purchasing the bonds, was not bound to examine the records of the county court, and cannot be presumed to have known what the records contained when he made the purchase. The defendant excepted to these rulings and instructions, and, after verdict for the plaintiff, sued out this writ of error.

*Mr. J. D. Atchison* for plaintiff in error. *Mr. George W. Jolly* filed a brief.

*Mr. J. Hubley Ashton* for defendant in error. *Mr. James Speed* and *Mr. P. B. Muir* were with him on the brief.

Mr. Justice GRAY, after stating the case as above reported, delivered the opinion of the court.

The county court has no power to subscribe for stock in the railroad corporation, or to issue bonds therefor, except as authorized by statute. The statute authorized the county court to subscribe for such an amount of stock only, as should be fixed and proposed by the commissioners named in the statute, and be approved by the vote of a majority of the voters of the county ; and the authority of the county court, either to levy taxes, or to issue bonds, was limited to the amount so proposed and voted. That amount was $250,000. The county court therefore had no authority to issue bonds for a greater amount, and any bonds issued in excess of that amount were unlawful and void.

By the statute, the bonds were to be in such sums, and pay-

able at such times, as the county court should determine. The county court ordered that. the bonds should be executed and made payable, $50,000 in five years, $50,000 in ten years, $75,000 in fifteen years, and $75,000 in twenty years, and that the bonds should be signed by the judge and the clerk of the county court, and have the seal of the county impressed on each. Notwithstanding this, bonds so signed and sealed were issued of each class to a larger amount, amounting in all to $320,450, showing, after deducting bonds returned and cancelled, an excess of $67,350. To the extent of this excess, the bonds were invalid, and the county is liable upon bonds to the amount of $250,000 only. It does not deny its liability to that amount.

Then comes the question which of the bonds are valid and which invalid. We can have no doubt that the test is which were first delivered, if that can be ascertained, and without regard to the classification of bonds according to times of payment in the order of the county court; for, as the county court was authorized to determine at what time the bonds should be payable, any one, taking a bond signed by the presiding judge and the clerk and bearing the seal of the county, had the right to presume that it was valid, provided the county court had not already issued bonds to the amount limited by the statute and by the vote.

The certificate of the judge of the county court upon the back of each bond, that it was issued as authorized by the statute and by an order of the county court in pursuance thereof, cannot estop the county to deny that the particular bond is void because the county court, at the time of issuing it, had exhausted the power conferred by the act of the legislature and the vote of the people. The certificate is not a recital in the bond. It is not the act of the county court, is not under its seal, nor signed by its clerk; but is simply the certificate of the person holding the office of judge of that court. Neither the statute, nor the vote of the people, nor the order of the county court, empowered him to make such a certificate, or to determine the question whether the county court had exceeded the power conferred upon it. An officer's certificate

of a fact which he has no authority to determine is of no legal effect. *Dixon County* v. *Field*, 111 U. S. 83.

Nor can the payment of interest on all the bonds have the effect of ratifying bonds issued beyond the lawful limit; for a ratification can have no greater force than a previous authority, and the county cannot ratify what it could not have authorized. *Marsh* v. *Fulton County*, 10 Wall. 676.

The necessary consequence is that the court below erred in instructing the jury that the plaintiff was entitled to recover on all the bonds and coupons sued on, if he purchased them before their maturity and for value, and without notice that more than $250,000 of bonds had been issued by the defendant. *Merchants' Bank* v. *Bergen County*, 115 U. S. 384.

The judgment must therefore be reversed, and the case remanded, with directions to set aside the verdict and order a new trial. What part of his bonds and coupons the plaintiff may enforce against the county may depend upon further evidence of the exact dates of the delivery and the purchase of the several bonds, that may be introduced upon another trial of this case, or perhaps in some other suit to which all the bondholders may be made parties, and therefore no opinion is expressed upon that question.

*Judgment reversed.*