LUTHER V. HALE v. GEORGE RISLEY, MODERATOR.

*Mandamus—Schools and school-districts—Employment of teacher not having proper certificate.*

1. *Mandamus* is a discretionary writ, and will be allowed only in furtherance of justice and upon a proper case presented. It will not be allowed where it is apparent that it is applied for to grat-ify the spite of a private individual, nor where the relator has instigated, authorized, or approved the act complained of.

2. The liability of a school-district to pay a teacher for services actually rendered has been maintained in the following cases: *Stockdale v. School-dist.*, 47 Mich. 226; *Crane v. School-dist.*, 61 Id. 299.[1]

3. The general policy of the school law is that schools shall be taught by qualified teachers, but necessities may arise where this can-not be done; and when such necessity arises, the district is authorized to employ a teacher who has not the proper certifi-cate, if the school board are satisfied that he or she is otherwise qualified, and to pay such teacher out of the moneys belonging to the district, except the primary-school money and mill tax, which cannot be applied to that purpose.

4. In this case the return (see statement of facts) is held to show such a necessity.

Application for *mandamus* to compel respondent to bring suit on assessor's bond for breach of its conditions in paying an order issued to an alleged *unqualified* teacher. Sub-mitted April 17, 1888. Denied April 24, 1888. The facts

---

[1] See *Smith v. School-dist, ante,* 589.

are stated by the Reporter, as a preface to the opinion, by the request of the Court.

*Hulbert & Mechem* (*Howard & Roos,* of counsel), for relator.

*Dallas Boudeman,* for respondent.

Prior to the fall of 1886, school-district No. 1, Ross township, Kalamazoo county, had employed teachers without certificates, paying them from moneys raised by the district; and at a special meeting held in November, 1883, on the statement of the relator, Luther V. Hale, who presided as moderator, of the difficulty of hiring legally qualified teachers, the district board was instructed to employ such a qualified teacher, if to be found, and, if not, one not legally qualified.

At the annual school meeting in 1886, over which relator presided, it was resolved by more than a two-thirds vote that if the district board hired a teacher who gave satisfaction, but failed to procure a certificate, he or she should be retained, and paid out of any moneys raised in the district. Thereupon the board advertised for a teacher, and being unable to find one having the required certificate, and being anxious for school to open, employed a lady on trial for two weeks, during which time the patrons of the school were invited to visit the same, and judge of her qualifications. She had taught in the public schools of the State for eight years, and was intending to apply for a certificate at the first examination of teachers.

At the expiration of the two weeks she had given entire satisfaction, and was employed by the board for four and one-half months, and continued to teach for three months, giving like satisfaction.

Soon after commencing to teach she passed a satisfactory examination in all the required branches, only failing in arithmetic because she did not give the analysis; of which fact the school board was ignorant, her general standing being 90 out of a possible 100 per cent., and supposed a certificate would be granted, until two or three weeks after such examination.

On being informed of her failure, the teacher was re-examined in arithmetic, the district board accompanying her for that purpose; and the inspector announced himself perfectly

satisfied of her competency to teach that branch of study, and that he would meet the other inspector the following Saturday, and, if he was satisfied, a certificate would be issued, and requested the presence of the school board at such meeting. The members of the board attended, and found that a petition had been filed against the granting of such certificate, and were informed by the examiners that, if a counter-petition containing a greater number of names was filed, it would be granted; which was done, but on account of the disturbance thus created in the district the examiners finally declined to issue the certificate. In the meantime the teacher had continued her work, and given satisfaction, the final decision of the examiners not being given until about the middle of December, 1886.

On September 14, 1886, there remained in the district treasury $50.61 of moneys raised in 1885, for teachers' wages, and on that day $114 was raised for a like purpose, and $12 for the contingent fund, making $176.61 outside of the primary school and one mill tax.

On December 20, 1886, an order was drawn for $120,—the amount due said teacher; whereupon relator and others applied to the township board for the removal of the members of the district board for paying out said money, who appeared in answer to a citation. A hearing was had, and decision rendered that the money had not been improperly used, and the proceeding was dismissed.

Thereupon relator and six others applied, in writing, to the respondent, George Risley, as moderator of said district, to bring suit on the assessor's bond for breach of its conditions in paying said order, and on his refusal made this application for a *mandamus*.

PER CURIAM. *Mandamus* is a discretionary writ, and will be allowed only in furtherance of justice upon a proper case presented. It will not be allowed where it is apparent that it is applied for to gratify the spite of a private individual, nor where the relator has instigated, authorized, or approved of the act complained of.

The relator in this case was the moderator of the school-district, and presided at a school-district meeting where the act was authorized for which he now asks a *mandamus* to compel suit upon the assessor's bond because such act, as he

alleges, was unlawful. It does not appear by his petition, or from the return, that he entered any protest or objection, but declared the resolution carried.

We are not prepared to say that the payment of the school-teacher, under the circumstances, was unlawful. The liability of a school-district to pay a teacher for services actually rendered has been maintained by the following authorities: *School-dist. v. Brown,* 55 Vt. 61; *School-dist. v. Estes,* 13 Neb. 52 (13 N. W. Rep. 16); *Stockdale v. School-dist.,* 47 Mich. 226 (10 N. W. Rep. 349); *Crane v. School-dist.,* 61 Id. 299 (28 N. W. Rep. 105).

The general policy of the school law is that schools shall be taught by qualified teachers, but necessities may arise where this cannot be done. A district may be unable to find a qualified teacher. Where the employment of an unqualified teacher is a necessity, the school-district is authorized to employ one who has not the proper certificate, if the school board are satisfied that the teacher is otherwise qualified, and to pay such teacher out of moneys belonging to the district. But the primary-school moneys and mill tax cannot be applied to that purpose.

We think the return shows such a case of necessity, and the *mandamus* is denied, with costs.