## WEBER *et al. v.* SPOKANE NAT. BANK *et al.*

### (*Circuit Court, D. Washington, E. D.* May 27, 1892.)

1. NATIONAL BANKS—LIMITATION OF INDEBTEDNESS—CONSTRUCTION OF STATUTE.
   Rev. St. § 5202, providing that national banks shall not contract liabilities in excess of their paid-up capital stock, except upon notes of circulation, accounts for deposits, etc., does not intend that such items of liability shall be excluded in determining whether the indebtedness of a bank exceeds its paid-up capital stock at the time it incurs a liability as guarantor.

2. SAME—DEFENSES—ESTOPPEL.
   In an action against a national bank and its receiver on a promissory note, defendants may avail themselves of the defense that the note was executed in violation of Rev. St. § 5202, providing that national banks shall not contract liabilities in excess of their paid-up capital stock. The note being void as to the bank, it is not estopped to set up the defense in question.

3. SAME—NOTICE TO CREDITOR—PRESUMPTIONS.
   A business man, accepting the note of a national bank, is presumed to know the financial condition of the bank, and that at the time of the execution of the note it had already incurred indebtedness in excess of the limit prescribed by law.

At Law. Action by C. F. Weber & Co. against the Spokane National Bank and H. L. Chase, receiver, upon three promissory notes. Jury instructed to find for the defendant. Motion for a new trial denied.

The other facts fully appear in the following statement by HANFORD, District Judge:

The notes in suit were drawn in favor of the plaintiffs, as payees, and signed by Charles Hussey, as maker. The defendant the Spokane National Bank is an anomalous indorser, having signed the notes upon the backs thereof before delivery. Said notes were given in payment of an account for bank furniture and fixtures supplied by the plaintiffs for a

building owned by said Hussey, and occupied by said defendant as his tenant. The receiver defends on the ground that the bank is not primarily liable as a maker of the notes; that it could not legally become bound as a surety; and, if bound, inasmuch as the principal debtor has not been proceeded against, and no reasons are assigned for not having collected from him, nor for the failure to join him as a party defendant, its liability as a guarantor of the notes cannot be enforced in this action. It was shown by the evidence that the furniture was supplied at the instance of the officers of the bank, and that credit was given by the plaintiffs to the bank, and not to Hussey, but, as between the bank and Hussey, said furniture and fixtures belonged to Hussey, and the same are not assets of the insolvent bank in the hands of the receiver. The receiver in his answer also pleads, as a special defense, that at the times of the making of the notes, and sale of the furniture in consideration for which they were given, the bank had already incurred indebtedness, and become liable for amounts aggregating a sum much greater than the amount of its paid-up capital stock; so that by section 5202, Rev. St., it was then prohibited from becoming liable upon said notes, either as maker or guarantor, or upon an account as purchaser of the furniture upon credit. The case was tried by the court and a jury, and, after introduction of the evidence for both contesting parties, the receiver's attorney moved the court for a peremptory instruction to the jury to render a verdict for the defendants, which motion was granted, and under instructions from the court the jury returned a verdict for the defendants. A motion for a new trial was interposed and submitted upon the arguments made upon the motion to instruct.

*Forster, Wakefield & Wikoff,* for plaintiffs.

*P. H. Winston,* U. S. Atty., *H. M. Herman,* and *J. W. Feighan,* for receiver.

HANFORD, District Judge, (*after stating the facts as above.*) The evidence introduced upon the trial was sufficient to have warranted the submission of the case to the jury upon the question whether the bank was in fact the purchaser of the furniture, and liable as the principal debtor and maker of the notes, or a mere guarantor; but, in my opinion, the special defense pleaded by the receiver is fully sustained by the evidence, and there was no error in the instruction given to return a verdict for the defendants. The bank was fully organized and in operation more than a year before the inception of the indebtedness constituting the consideration for the notes, and it was at that time liable to its depositors and creditors for sums amounting in the aggregate to at least four times the amount of its capital stock; and by section 5202, Rev. St.,[1] its powers

[1] Rev. St. §,5202, provides as follows: "No association shall at any time be indebted, or in any way liable, to an amount exceeding the amount of its capital stock at such time actually paid in and remaining undiminished by losses or otherwise, except on demands of the nature following: *First,* notes of circulation; *second,* moneys deposited with or collected by the association; *third,* bills of exchange or drafts drawn against money actually on deposit to the credit of the association, or due thereto; *fourth,* liabilities to the stockholders of the association for dividends and reserved profits."

were so limited that it could not become legally bound for any additional sum, either upon an open account or as maker or guarantor of these notes. The section of the statute referred to is not ambiguous, and I find no warrant for the construction of it contended for by counsel for the plaintiffs. I cannot assent to the proposition that congress has, in fixing a limitation of indebtedness, intended to exclude from the computation thereof liabilities upon notes of circulation, accounts for deposits, and for moneys collected, bills of exchange drawn against actual credit, and surplus accumulations belonging to stockholders, and to authorize the incurring of liabilities for other purposes equal to the entire capital, leaving no surplus whatever as a margin for safety or basis for confidence. The plaintiffs insist that the violation of the statute by contracting debts in excess of the limit is not a defense available to the bank or the receiver who represents it. The receiver, however, represents, not only the bank, but also all of its creditors and the government of the United States as well. If the government can, by any proceeding, enforce this law, the receiver can in this suit apply its provisions for the protection of the innocent depositors. Furthermore, there is no ground for estoppel, even against the bank. Contracts of corporations creating debts in excess of limitations fixed by their charters are void, and such debts are not collectible by law. *Crampton* v. *Zabriskie*, 101 U. S. 601; *Daviess Co.* v. *Dickinson*, 117 U. S. 657, 6 Sup. Ct. Rep. 897; *Litchfield* v. *Ballou*, 114 U. S. 190, 5 Sup. Ct. Rep. 820, and 7 Amer. & Eng. Corp. Cas. 378, note. Business men are presumed to know the financial condition of corporations to whom they give credit, and, if one voluntarily becomes a creditor for an additional amount after a statutory limit has been reached, his position in a court of law is no better than that of one who knowingly becomes a party to an illegal contract. **15 Amer. & Eng. Enc. Law, 1138.** Motion for a new trial denied.