## No. 10,226.

### SHOVER, ET AL. *v.* BUFORD, ET AL.

#### Decided July 3, 1922.

Action to restrain a bond issue for school purposes. De-cree restraining issue beyond the limit fixed by statute.

### *Affirmed.*

1. APPEAL AND ERROR—*Pleadings—Rulings of Trial Court.* Assign-ments of error, based upon rulings of the trial court upon the pleadings, involving questions largely in the discretion of the court, and in which there is no substantial error or abuse of judicial discretion, will not be considered.

2. SCHOOLS—*Bonds—Excessive Issue.* Where a school district may become indebted in a certain amount by bonds, and the electors of the district authorize a debt in excess of that amount, such authorization is void only as to the excess, and valid as to the sum which it was within the power of the district to issue.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. EARL COOLEY, Mr. J. B. BETTS, for plaintiffs in error.

Mr. O. H. DASHER, Mr. JOHN N. MABRY, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action is by resident tax payers and qualified elect-ors of school district No. 82 of Las Animas County to re-strain a $20,000 bond issue by the defendants, who are members of the board of education of the school district. Bonds to this amount were authorized by the qualified electors of the district at an election called under the stat-ute for the purpose of contracting a bonded indebtedness in that sum to build a school house,

The objection to the issuing of the bonds, as set up in the complaint, is that, when this election was held, a bond issue in that district could not exceed the sum of $14,160, and although the board of directors, under the authority of chapter 205, Session Laws of 1909, fixed the amount of $20,000 to be voted upon by the qualified electors, and the latter duly voted to contract the debt and issue bonds therefor, the entire issue is invalid.

The original answer of the defendants was attacked by motion and the defendants asked, and were granted, leave to file a first amended answer and a second amended answer, which, in turn, were attacked by the plaintiffs by motion for judgment on the pleadings, to make more specific, and upon other grounds. A third amended answer was duly filed, on which the cause went to trial, as it was deemed sufficient by the court. This last pleading of defendants admitted that the issue of bonds in the sum of $20,000 as voted by the electors, was in excess of the maximum sum authorized by statute, $14,160. Defendants allege that as a board they do not intend to issue more than this maximum amount. There being no substantial dispute as to the facts, the court issued an injunction restraining the defendant board from issuing more than $14,160, and gave it permission to issue that amount only. A review of the judgment is sought in this court by the plaintiffs.

The plaintiffs assign as error the rulings of the court upon various questions affecting the answers, but, inasmuch as the plaintiffs' motions involve questions whose determination is largely in the discretion of the trial court, and as we perceive no substantial error in the rulings, or abuse of judicial discretion, such alleged errors will not be considered.

The parties themselves are in accord that the substantial question involved is whether the vote of the electors at the called meeting to instruct the school board to issue bonds in the sum of $20,000 for building a school house, which sum is in excess of the statutory limit, prevents the board

from issuing bonds for the lesser sum of $14,160, which is within the limit?

Section 2 of chapter 205, Session Laws of 1909, reads as follows:

"The amount of the bonded indebtedness proposed to be contracted shall, prior to such submission to said electors, be determined by said board of directors but in no event shall the aggregate amount of bonded indebtedness of any school district of the first or second class exceed five per centum or of any school district of the third class three and one-half per centum of the assessed value of the property in such district for the year next preceding the date of said bonds."

Both parties, in their briefs, overlook the fact that all of chapter 205 of the 1909 Session Laws had been repealed by chapter 181, Session Laws of 1919, pages 601-610. The later act, not the former, therefore, was controlling at the time of the election ·held in this district, April 30, 1921. But section 2 of the act of 1909, above quoted, is, so far as concerns the limit of indebtedness, in districts of the third class, the same as section 2 of the act of 1919, viz. "Three and one-half per centum of the assessed value of the property in such district for the year next preceding the date of the bonds." The decision of this case must be the same under either act.

It is the contention of the plaintiffs that, since it was the duty of the board, prior to the submission to the electors of the proposition. to issue bonds, to fix the amount of the indebtedness proposed to be contracted, the statute must have a literal construction, and that the fixing of the amount, through oversight by the board, in excess of the statutory limit, which the electors sanctioned, does not authorize the board to issue bonds for a lessor sum than that, which is within the statutory limit; in other words, that the vote by the electors of a larger sum can not be held to authorize the issue of bonds in a smaller sum which is within the legal limit. To this proposition plaintiffs cite *Schouweiler v. Allen,* 17 N. D. 510, 117 N. W. 866.

We do not think that case sustains them. It was held there that a school board is merely the agent of the qualified electors to issue bonds, and, after such issue is authorized by their vote, the board, being merely their agent, possesses only the ministerial or administrative power to carry out literally the mandate. If such be the law it is not the equivalent of a holding that the board may not issue bonds in a total sum less than that authorized by the electors, provided the same is within their statutory authority. That was a suit by qualified electors of a school district to restrain the issue of bonds, alleging that enough illegal votes were cast in favor thereof to change the result. It appears from the statement of facts that a stipulation was entered into by the school board, the defendant, and the plaintiff for entry of a judgment, without taking any evidence, permanently enjoining the issue of bonds so voted. The court held that this stipulation constituted a collusion and a fraud on the district and on the court and might be set aside in an appropriate proceeding by appropriate parties. It was in connection with such a question that the declaration was made, which the plaintiffs here say is an authority, that the school board might not issue any portion of the bonds involved in the pending action. We do not so construe that decision, but, if such effect is given to it, we think it is contrary to the weight of authority.

In *Stockdale v. School District No. 2 of Wayland,* 47 Mich. 226, 10 N. W. 349, in an opinion by Judge Cooley, it was held that a vote of the electors of a school district, in favor of the issuance of bonds beyond the statutory limit, nevertheless was valid to the extent that would have been admissible had the limited sum been proposed and voted, and cites *McPherson v. Foster Bros.,* 43 Iowa, 48, 22 Am. Rep. 215. In the Iowa case there is an elaborate discussion by the court of this proposition. The court said that, where a school district may become indebted in a certain amount by bonds, and the electors of the district authorize a debt in excess of that amount, such authorization is void only as to the excess and valid as to the sum which

it is within the power of the district to issue. That decision seems to us directly in point and is authority for the judgment entered below authorizing an issue only of a lesser amount than that voted, because it was within the power of the district to vote such lesser sum, and such authority to issue the lesser, is included in the vote for the larger sum, a part of which is invalid.

In *Vaughn v. School District 31,* 27 Ore. 57, 39 Pac. 393, the court decided that, where two-thirds of a proposed expenditure by a school district for building a school house, is the measure of the power to issue district bonds, and the school board, although instructed by the electors to issue such bonds in the sum of $3,000, had no authority to issue them in behalf of said district in a greater sum than $2,000, but the vote of the electors was sufficient authority for the issuance of bonds to the extent of the lesser sum, and the board was permitted to issue them in that proportion.

In *Kirby v. City of Monroe,* 214 Mich. 615, 183 N. W. 216, after approving the McPherson case in 43 Iowa, the court said that it was one of the early cases on the subject and had been followed by many authorities and referred to 28 Cyc. 1584, with approval, where the author states that bonds of this character, which in the aggregate exceed the limit, are void only to the extent of the excessive issue, and that, where the issue of bonds is only partially excessive, the amount of the issue within the limit is valid. To the same effect are *Daviess County v. Dickinson,* 117 U. S. 657, 6 Sup. Ct. 897, 29 L. Ed. 1026, and *Sutro v. Pettit,* 74 Cal. 332, 16 Pac. 7, 5 Am. St. Rep. 442.

In *Meyer v. City and County,* 150 Cal. 131, 88 Pac. 722, 10 L. R. A. (N. S.) 110, the decision was that, in the case of an over issue of bonds, they would all be valid, except those issued after the limit was reached.

In 19 R. C. L. 1021, Sec. 313, the author says an over issue of bonds does not affect the validity of the entire issue authorized, but only those in excess of what was authorized, citing a number of cases, some of which have already been referred to.

Plaintiffs say there is a distinction between some of these cases which we have cited, that involved the validity of bonds issued and disposed of, and where, as here, the issue is not yet made, and where the suit is to restrain the entire issue. We do not perceive any valid distinction in principle between the two classes of cases. It is fair to presume, when there is no evidence to the contrary, that electors of a school district, who vote in favor of an issue of bonds in the sum of $20,000, would vote for an issue of $14,160. There is force in the argument that the electors of district No. 82 had no opportunity to express themselves as to an issue of any bonds except one for $20,000, and that if they had been called upon to vote for an issue of $14,160, they might have considered it inadequate for the construction of a school house which they wished to build, and would have voted against the proposition for a sum which seemed to them inadequate. While appreciating the force of the argument, we are of the opinion that, by the weight of authority, and upon principle, the vote of the electors in this district was a sufficient authorization to the defendant school board to issue bonds in the maximum sum authorized by the statute, as applicable to a school district of this class, in the absence of evidence that the smaller sum would not have been voted. The judgment of the district court, being in accordance with this view, is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.