12822

WATSON v. LIVINGSTON *ET AL.,* SCHOOL DISTRICT TRUSTEES

(151 S. E., 468)

*Mr. Julian S. Wolfe,* for petitioner.

*Mr. W. C. Wolfe,* for respondents.

January 31, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought, in the original jurisdiction of the Court, by a citizen and taxpayer of school district No. 26 in Orangeburg County, on behalf of himself and other citizens and taxpayers in like situation, for the purpose of having the respondents, as the board of school trustees, permanently enjoined from issuing and selling certain school bonds of the district, which it is claimed is about to be done in violation of law.

The petitioner alleges that, about March 1, 1929, a petition was filed with the board of trustees of the district (see Acts of 1922, p. 1535), asking that an election be held for the purpose of having the electors vote upon the question of issuing and selling coupon bonds of the district to the amount of $175,000; that the respondents ordered the election, which resulted in a majority vote in favor of the bonds; but that the provisions of law governing were not complied with in several particulars specified.

On application of petitioner, a rule was issued the respondents to show cause before this Court why a permanent injunction should not be granted.

The respondents made due return to the rule, pleading with particularity, by way of answer, the several steps taken in the matter as showing a full compliance with all requirements of law. A number of exhibits, tending to establish the allegations of fact contained in the answer, were made

part of the return. The petitioner made reply, admitting all allegations of fact contained in the answer and in the exhibits, but denying respondents' pleaded conclusion of law.

We have made a careful examination of the verified pleadings and of the exhibits, and are satisfied, from the conceded facts, that there was a substantial compliance with all the provisions of law applicable in the matter of the issuance and sale of the bonds—from the filing of the petition by the freeholders of the district, asking that an election be held (Exhibit A), to the adoption of a metal seal of office by the board of trustees (Exhibit J.)

But the petitioner contends further, that under the constitutional limitation, the district in any event could issue only $167,000 of bonds in addition to the $130,000 already outstanding, but that no amount of bonds less than the $175,000 voted for, and hence no bonds whatever, can be lawfully issued under the election had.

We do not think this contention sound. The position of the respondents, that the trustees of the district may issue any amount of the bonds voted upon up to the constitutional limit, and that the bonds so issued will be valid obligations of the district, seems to us sound upon principle and fully supported by authority.

One of the early cases on the subject is that of *Stockdale v. School District,* 47 Mich., 226, 10 N. W., 349, 350. In that case it appears that a contractor who built a school house for the district lost money on his contract, and at an annual meeting the electors voted to pay him $730.31, and to issue bonds therefor. It was afterwards discovered that the legal limit for borrowing by the district was $300, and suit was filed by those opposed to the appropriation to restrain the issue of bonds. In passing upon the question, the Court, speaking through Mr. Justice Cooley, said:

"There seems, however, to have been a statutory limit to the amount of bonds which the district might issue; and this was overlooked at the first meeting. The limit for

districts having more than 100 and less than 200 children within the school ages—as this district had—is $3,000. Public Acts 1877, p. 169. The district was already bonded to the amount of $2,700, and if the vote had been limited to $300 it would have been valid. Having exceeded that sum, it is claimed to be void. In *McPherson v. Foster*, 43 Iowa, 48 (22 Am. Rep., 215), involving substantially the same question, the vote was held valid to the extent that would have been admissible had the limited sum been proposed and voted; and we agree in this view. See also *Grand Gulf Bank v. Archer*, 8 Smedes & M. (Miss.), 151. This injunction should therefore have been restricted to the excess above $300."

*McKinney v. Board of Trustees*, 144 Ky., 85, 137 S. W., 839, 840, was a case in which an election was held in a school district for the purpose of determining the wishes of the voters as to whether the trustees should issue bonds of the district not exceeding $12,000 for the purpose of repairing or erecting a school building. One of the contentions made before the appellate Court was that the tax was invalid, for the reason that the order submitting the election authorized the trustees to issue bonds to the extent of $12,000, when the assessed value of the property in the district would not allow the creation of a debt exceeding $11,000. The Court said:

"If the amount of indebtedness proposed to be created as stated in the order calling the election or in the notices should exceed the amount authorized by the Constitution to be imposed, it would not affect the validity of the election, as the trustees could not in any event create an indebtedness exceeding the constitutional limit. But if the trustees should create an indebtedness exceeding the constitutional limit, only the excess would be void."

In *Shover v. Buford*, 71 Colo., 562, 208 p. 470, 472, the question of the issuance of $20,000 of bonds of a school district, for the purpose of building a school house, was sub-

mitted to the qualified electors of the district, who voted to issue bonds for that amount. The contention made by the petitioners was that, when the election was held, a bond issue of the district could not exceed the sum of $14,169, and, the amount fixed and voted upon being $20,000, the entire issue was thereby rendered invalid. The Supreme Court of Colorado thus disposed of this contention:

"We are of the opinion that, by the weight of authority, and upon principle, the vote of the electors in this district was a sufficient authorization to the defendant school board to issue bonds in the maximum sum authorized by the statute, as applicable to a school district of this class, in the absence of evidence that the smaller sum would not have been voted."

See, also *Vaughn v. School District,* 27 Or. 57, 39, p. 393; *McPherson v. Foster,* 43 Iowa, 48, 22 Am. Rep., 215; *Sutro v. County Treasurer,* 74 Cal., 332, 16 p. 7, 5 Am. St. Rep., 442; *Kirby v. City of Monroe,* 214 Mich., 615, 183 N. W., 216; *County of Daviess v. Dickinson,* 117 U. S., 657, 6 S. Ct., 897, 29 L. Ed., 1026.

We therefore conclude and hold that the trustees may issue and sell bonds of the district, under the proceedings had, up to the constitutional limit (conceded to be $167,-000), and that, when so issued and sold, such bonds will be valid obligations of the district, but that any bonds in excess of the constitutional limit would be void.

The judgment of this Court is that the trustees of school district 26 in Orangeburg County be and they hereby are permanently enjoined from issuing or selling any bonds of the district, under the proceedings had, in excess of the sum of $167,000, but that, as to the issuance and sale of bonds of the district to the amount of $167,000, the injunction is refused; and it is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTH-RAN, BLEASE and CARTER concur.