### WOODLEY v. TOWN COUNCIL OF CLIO.

1. ELECTIONS—WOMEN VOTING—CASE CRITICISED.—An issue of bonds by a town, authorized by statute on approval by a vote of the people, will not be enjoined because that women owning $100 worth of taxable property were allowed to vote, the statute having empowered them to vote at such election. Wilson *v.* Town Council of Florence, 39 S. C., 397, and 40 *Id.*, 290, followed.[1]

2. STATUTE—TITLE—PREMATURE QUESTION.—A question as to the right to apply the bonds of the town to the extension of any other railroad to the town other than that mentioned in the title of the act, does not properly arise until an attempt is made so to apply them.

This was an original application to this court for injunction.

*Mr. T. W. Bouchier,* for petitioner.

*Mr. C. P. Townsend,* contra.

May 11, 1895. The following order was passed

PER CURIAM. This is an application addressed to this court in the exercise of its original jurisdiction, for an injunction restraining the town council of Clio, S. C., from issuing certain bonds of said corporation, mentioned in the petition, upon the ground that said town council have not been legally invested with the power to issue said bonds. After hearing argument upon this question, this court has reached the conclusion that said town council have been duly invested with power to issue said bonds, and hence there is no ground for the injunction asked for. It is, therefore, ordered, that the application for injunction be refused, and that the petition be dismissed. The

---

[1] See note in 21 L. R. A., 662.

reasons for this conclusion will be stated in an opinion hereafter to be filed.

July 10, 1895.   The opinion of the court was delivered by.

MR. JUSTICE POPE.   This is an application in the original jurisdiction of this court for an injunction to restrain the town council of Clio, in Marlboro County, in this State, from issuing $4,500 of the bonds of said corporation to procure an extension of the Latta Branch Railroad to the said town of Clio, under the authority of an act of the General Assembly, entitled "An act to authorize the town of Clio, in Marlboro County, to issue bonds in aid of the Latta Branch Railroad," approved December 19th, 1894, and by its terms to take effect immediately upon its approval.   21 Stat., 1068.   An order was issued from this court on the 15th day of April, 1895, requiring the said town council of Clio to show cause before this court, at 11 o'clock a. m., on the 17th day of April, 1895, why such injunction should not issue.

The grounds in the petition why the injunction should issue were because the said town council of Clio had already had an election held in pursuance of the terms of said act, wherein a majority of the voters had authorized the issue of the bonds in question, and said town council were about to issue said bonds; but the petitioner urged that said election was invalid, because females, who were adults and who owned $100 worth of taxable property in said town, were allowed to vote at said election, and because, by the terms of said act, in the event the Latta Branch Railroad Company declines to extend its road to the town of Clio, said town council is authorized to use said funds to procure some other railroad to extend its road to said town of Clio, the said town council of Clio is authorized to use said $4,500 in bonds to procure some other railroad than the Latta Branch Railroad Company to extend its road to said town of Clio.   In the return of respondents, they set up the facts that the election was duly conducted as required *in every particular*, and that the fact that adult females, who owned $100 worth of taxable property within the corporate limits of said town of Clio, were allowed to vote at such election, did not render said

election void; and further, that there was no purpose on the part of the respondents to use the bonds for any other purpose than that indicated in the title to said act, and, therefore, prayed that the rule be discharged.

We will briefly notice these grounds of objection. *First.* Should such female, an adult, who ownes $100 worth of taxable property within the corporate limits of the town of Clio, be entitled to vote when she was so authorized under the act of the General Assembly of this State? This is no longer an open question in this State. This court held in *Wilson* v. *Town Council of Florence*, 39 S. C., 397, that an act similar in its provisions on this point was in pursuance of the power vested in the General Assembly, and this decision was approved in a subsequent suit between the same parties. *Wilson* v. *Town Council of Florence*, 40 S. C., 290.

*Second.* Should the town council of Clio be allowed, if they should ever wish to do so, to apply the $4,500 to obtain a railroad connection of any railroad company by an extension of its road to Clio, other than the Latta Branch Railroad? This question is purely speculative. It will be time enough to consider it when such an event occurs. However, we may say, in passing, that we see no ground to assail the act in question on this score. The injunction must be denied. A previous order was issued denying the injunction, and this opinion is rendered in support of such order already passed.