Argued December 31, 1894; decided March 4, 1895.

# VAUGHN v. SCHOOL DISTRICT THIRTY-ONE.

[39 Pac. 393.]

1. JURISDICTION — MOTIVES OF PARTIES.— The motives of taxpayers in bringing a suit to enjoin the collection of a tax will not be considered.

2. PAROL EVIDENCE — COLLATERAL ATTACK — VERITY OF RECORD — SCHOOL CLERK — CODE, § 2619.— It is by law ( Hill's Code, § 2619, subdivision 1 ) made the duty of school clerks to keep records of the proceedings of the boards of directors and of the electors of their districts, and such records cannot, in a collateral proceeding, be varied or contradicted by parol evidence.*

3. POWER TO AMEND SCHOOL CLERK'S RECORD.†— The clerk of a school district, at any time while he is still in office, has power and it is his duty to correct the records that he has kept of school meetings so as to make them conform to the facts.

4. DEBTS OF SCHOOL DISTRICTS — CODE, § 2602.— A vote of the electors of a district authorizing the directors to contract a greater debt than they can lawfully do is sufficient authority to incur a debt to the lawful limit.

5. LEVY OF TAX BY SCHOOL DISTRICTS — CODE, § 2610.— Where a notice of a meeting of the voters of a school district stated that the object thereof was to levy a tax of eight and one half mills for building a schoolhouse, and a tax of one and one half mills for the teachers' fund, a motion at the meeting that "we proceed to vote on the ten-mill tax" sufficiently indicates that the tax referred to was that mentioned in the notice, and the entry in the minutes of the clerk that such a motion was carried is a good levy of the tax.

6. RESIGNATION OF SCHOOL DIRECTORS — CODE, § 2604.— The resignation of a school director tendered to and accepted by the electors of his district is of no effect. Being an elective office, the resignation must be presented to the power authorized to call an election to fill the vacancy, which power, in this case, is the balance of the board.

7. LOCATION OF SCHOOLHOUSE — CODE, §§ 2590, 2602.— Inasmuch as the location of a schoolhouse is discretionary with the school board, ( Hill's Code, § 2602, subdivision 21,) subject to the approval of the county superin-

---

* It was held in *Bays* v. *Trulson*, 25 Or. 109, (46 Am. and Eng. Corp. Cas. 368,) that where an unrequired record is kept it may be explained or amended, but a record that the law directs to be kept must stand as made, at least in a collateral proceeding, and that it cannot be varied by any parol evidence whatever.— REPORTER.

† An interesting consideration of the power of a court to alter, or amend, or modify its record will be found in *Deering* v. *Quivey*, 26 Or. 556.— REPORTER.

27 OR.—8.

tendent, (Hill's Code, § 2590, subdivision 16,) the courts will not inter-
fere before the latter has been consulted.

APPEAL from Tillamook: GEO. H. BURNETT, Judge.

This is a suit by W. N. Vaughn and others to enjoin
the issue of school district bonds, and the collection of a
school tax. The facts are that the defendant J. J. Pye,
the clerk of School District Number Thirty-one of Tilla-
mook County, by order of the board of school directors of
said district duly posted notices calling a special meeting
of the legal voters to convene at the schoolhouse in said
district on April ninth, eighteen hundred and ninety-two,
for the following objects: "To levy an eight and one half
mill tax (8½) for the purpose of raising one third of the
amount proposed to be expended in the building of a new
schoolhouse in this district, and a one and one half mill
tax for the teachers' fund and incidental expenses, making
a ten-mill (10) tax in the aggregate; also for the purpose
of bonding this district for the sum of three thousand dol-
lars." The voters met pursuant to the notice, and, with-
out doing any business, adjourned to meet on the eleventh
of said month, at which time they again convened, and,
after duly organizing, the record made by the clerk shows,
among other things, that they transacted the following
business: "Moved by Ed. Walker, and seconded, that we
proceed to vote on the ten-mill tax by the ayes and nays.
Carried—ayes, forty-three; nays, three. (Here follows
the names of those who voted for and against the motion.)
Motion by J. H. Bridgeford, seconded by Hooper Dyer, that
this district issue bonds for the sum of three thousand
dollars ($3,000) for the purpose of building a schoolhouse
in this district, to run for a term of ten years, and that
the bonds be placed on the market, and disposed of at the
lowest rate of interest offered; carried. Motion by A. M.
Hare that the school board be authorized to purchase the

schoolhouse site mentioned, consideration one dollar, and build and furnish a new schoolhouse, and the sum of three thousand dollars be expended for said purpose; seconded by several, and carried." Within thirty days after the adjournment of said meeting the clerk made an assessment roll of all the taxable property within the district, and delivered it to the board of directors, which gave notice that on May twenty-first, at the schoolhouse in said district, it would sit as a board to equalize the assessment so made; and on the twenty-fourth of said month it returned said roll to the clerk, with a warrant attached thereto, commanding him to collect the ten-mill school tax voted on April eleventh, and return said roll with the record of his collections indorsed thereon within sixty days. The clerk having given notice that said taxes were due and payable at his office, collected a portion thereof, and within the time required, returned said roll with the amount collected and delinquent thereon indorsed. On July twenty-eighth, at a special meeting of the legal voters of said district, the defendants W. C. Morton and A. Dean, tendered their resignations as directors, which were, upon motion, accepted, but they continued thereafter to act as such officers, and gave orders to the school clerk, who, in pursuance thereof, certified the said assessment roll and delinquent list to the defendant W. W. Condor, the county clerk of said county, who made a transcript thereof, and attached a warrant thereto, commanding the defendant John Edwards, the sheriff of said county, to collect the delinquent taxes charged in said list.

The plaintiffs, in substance, allege that they were and are resident taxpayers of said school district, and bring this suit not only for themselves but for all others having a like interest in the questions at issue, who are too numerous to be made parties hereto; that no tax was levied, nor was any vote taken to levy a tax, at the meeting of

the electors of said district held April eleventh, or at any other time in eighteen hundred and ninety-two; that the defendants Morton and Dean having resigned their respective offices, and the defendant S. G. Custis, the other school director, having been absent, the said district was without a school board, and no authority existed to order the district clerk to certify the delinquent roll to the county clerk; that the said school board wrongfully selected a site for the proposed schoolhouse on a high hill, difficult of access, and far from the center of said district; and, unless restrained, the directors would erect a schoolhouse on said site; that the transcript of said assessment roll prepared by the county clerk created a cloud upon the title to their lands, and, unless restrained, the county clerk would deliver said transcript to said sheriff for the collection of the taxes listed therein; and pray that the defendants be enjoined from collecting said tax and from issuing said bonds.

The defendants, after denying these allegations, for a separate defense allege that the plaintiffs constituted only a small portion of the taxpayers of said district, a majority of whom were in favor of said tax; that there was no schoolhouse in said district, and, if the injunction were granted, it would lose the site valued at two thousand five hundred dollars, which had been donated, together with improvements made thereon of the value of one hundred dollars; that plaintiffs' objection to said tax was based upon their desire to divide the district; that the minutes of the meeting of April eleventh do not fully show the action of the legal voters as clearly as they should, and pray that the district clerk might be allowed to correct the record to make it correspond with the facts. A demurrer to the separate defense having been sustained, and the defendants refusing to further plead, a decree was rendered perpetually enjoining the collection of said

tax, and the issue of said bonds, from which decree the
defendants appeal.                              MODIFIED.

For appellants there was a brief by *Messrs. Cox, Cotton,
Teal and Minor, Thomas B. Handley,* and *E. E. Selph,* and an
oral argument by *Mr. Wirt Minor.*

For respondents there was a brief by *Messrs. Ramsey
and Fenton,* and *McCain and Magers,* and an oral argument by
*Mr. W. M. Ramsey.*

Opinion by MR. JUSTICE MOORE.

1.   It is contended that the court erred in sustaining
the demurrer to the separate defense.   The facts set up
as new matter in the answer, except the application for
leave to amend the record, may have presented valid rea-
sons to the school board, and been sufficient to induce it,
if clothed with power, to build a schoolhouse, but a court
cannot take cognizance of the issues tendered.   It is not
the province of a court to inquire into the motives which
prompt parties to bring or defend suits or actions, or
speculate upon the effect of its judgments and decrees.
It considers only the purely legal or equitable rights in-
volved in the issues before it, and awards the remedies
prescribed by law.   The court could not consider the
question of how many taxpayers of said district were in
favor of or opposed to the tax after the vote had been
taken upon the subject, nor how much the school district
might gain or lose in consequence of the injunction, or
whether the motive that prompted the plaintiffs to bring
the suit was a desire to divide the district.

2.   We now come to the question whether the court
had any authority to allow the clerk to correct the record
of said district meeting.   It is made the duty of the school
clerk to record all proceedings of the board of directors,

and of the meetings of the qualified electors of the district, when properly convened, (Hill's Code, § 2619, subdivision 1,) and such record, in a collateral proceeding, is conclusive evidence of what was done at any such meeting, and cannot be contradicted or varied by parol.

3. The power to make and keep a record carries with it, while the school clerk is in office, either at that or a subsequent term, the right to amend it until such record conforms to the proceedings of the school board or electors; and this power of amendment is derived solely from the official character of the clerk, and does not depend upon the permission of the court in which the record is offered in evidence: *Boston Turnpike Company* v. *Pomfret,* 20 Conn. 589. The clerk of a school district is not an officer of the court, and hence it is not necessary for him to secure its consent to do what the law expressly grants or impliedly permits. The court has charge of its own record and process, and may correct them or permit its officers, upon motion, to do so, but it cannot, in a collateral proceeding, either grant or deny the right to any person, not such officer, to amend a record kept by him. The right to amend a record exists only while the clerk is in office, and his power ceases with his term; but it is revived by his subsequent reëlection, and he may then amend what was done by him when he was in the same office before: *Welles* v. *Battelle,* 11 Mass. 477; *Hartwell* v. *Littleton,* 13 Pick. 229; *Chamberlain* v. *Dover,* 13 Me. 466 (29 Am. Dec. 517). The pleadings show that the defendant J. J. Pye is, and on April eleventh, eighteen hundred and ninety-two, was, the duly elected, qualified, and acting clerk of said district. As such officer he had authority and it was his duty, while in office, without leave of the court, to correct the record of the district meeting if it did not correspond with the actual proceedings of that date, and hence no error was committed by the court in sustaining the

demurrer to the new matter contained in the answer.

4. It is contended that the complaint does not state facts sufficient to constitute a cause of suit. This presents the question whether the facts alleged and conceded authorized the court to render the decree complained of. The directors of any school district, when authorized by a majority vote of the legal voters present at any legally called school meeting, may, for the purpose of building a schoolhouse, contract a debt in the name and on behalf of said district, by borrowing money, or otherwise, not exceeding two thirds of the proposed expenditure: Hill's Code, § 2602, subdivision 3. It is conceded that the legal voters of said district convened at the time and place appointed, in pursuance of legal notice, and the record shows that at said meeting the school board was authorized to build and furnish a new schoolhouse, and expend the sum of three thousand dollars for said purpose. Two thirds of the proposed expenditure is the measure of the power to issue district bonds, and the school board, although instructed to issue such bonds in the sum of three thousand dollars, had no authority to issue them in behalf of said district in any greater amount than two thousand dollars. The law having fixed the limit, the vote of the electors was sufficient authority for the issue of bonds to the extent of two thirds of the proposed improvement, and the school board will be permitted to issue them in that proportion.

5. The next question is whether the record, "Moved by Ed. Walker, and seconded, that we proceed to vote on the ten-mill tax by ayes and nays; carried — ayes, forty-three; nays, three," shows that any tax was voted at said meeting. The plaintiffs' contention is that only a method of voting was adopted by such vote, and that there is no evidence that any tax was voted. "Every essential proceeding in the course of a levy of taxes," says CAMP-

BELL, J., in *Moser* v. *White*, 29 Mich. 59, "must appear in some written and permanent form in the records of the bodies authorized to act upon them. Such a thing as a parol levy of taxes is not legally possible under our laws." The evidence of the levy of a tax must therefore affirmatively appear from an inspection of the record of the meeting of the electors or their representatives making the same, and parol testimony is not admissible to aid, vary, or contradict it. These records, however, are often made by persons not familiar with legal terms, nor skilled in the use of technical or exact language, and when they are offered as evidence of the levy of a tax, it is the duty of the courts in construing them to disregard irregularities, and uphold the tax, so long as the substance of a good vote sufficiently appears: Cooley on Taxation, 337. The meeting having been called for the purpose of voting a tax, it does not necessarily follow that a tax was voted, because the record might fail to show that the proposition was defeated. If this were the rule, then no record of the vote levying a tax would be necessary, and proof that the qualified electors convened pursuant to a legal notice which specified the object of the meeting would be all that was required. Such is not the rule, and the record, when favorably construed, must affirmatively show that a tax was voted by a majority of the legal voters of the school district. The legal voters of any school district, when duly convened, have authority to levy a tax for any legal purpose, the object of which is specified in the notice calling the meeting: Hill's Code, § 2610. The notice in the case at bar specified the rate of taxation to be levied for the purpose of building the schoolhouse, and for the teachers' fund and incidental expenses, "making a ten-mill (10) tax in the aggregate," and the motion to vote "on the ten-mill tax" would seem to be responsive to the object of the meeting as specified

in the notice.    The intent to levy the ten-mill tax, and have it collected, is apparent from the record, and where such intent is manifest it is equivalent to a present levy: *West* v. *Whitaker*, 37 Iowa, 598; *Snell* v. *Fort Dodge*, 45 Iowa, 564.    While the record of the district meeting is ambiguous, we think it affirmatively shows that a vote was taken upon the question of levying the ten-mill tax specified in the notice, and that the substance of a good vote sufficiently appears therefrom.

6.    An issue is made upon the question of the alleged resignation of the defendants Morton and Dean; and, as the pleadings show that the defendent Custis, the remaining member of the school board of said district, was not at said meeting of the legal voters held July twenty-eighth, eighteen hundred and ninety-two, nor in the district at that time, the question is presented whether the tender to and acceptance of their resignations by the legal voters vacated their respective offices.    When a vacancy occurs in the board of directors the remaining member or members shall forthwith authorize the clerk to call a special meeting to fill the vacancy, (Hill's Code, § 2604,) and district meetings when legally called, shall have power to supply all vacancies in their district offices: Code, § 2607. "Where the statute is silent on the subject," says Mr. Throop in his work on Public Officers, § 408, "a resignation must be made to the appointing power; or, if the office is elective, to the power authorized to call an election to fill the vacancy."    The statute being silent upon the subject, and the alleged resignations not having been made to a member of the school board, whose duty it would be to order a special election to fill the vacancy, and no election having been held for that purpose, it follows that said directors did not resign their respective offices, and had authority to order the school clerk to

27 OR.—9.

certify the delinquent assessment roll to the county clerk.

7.   It is made the duty of the board of school directors, in selecting a site for a schoolhouse, to consider the prospective as well as the present convenience of the people interested, and to locate it at such place as in its judgment will best subserve the present and future needs of the district: Hill's Code, § 2602, subdivision 21.   The location of a schoolhouse site is therefore a matter within the discretion of the school board, subject to the advisory power of the county school superintendent: Hill's Code, § 2590, subdivision 16; and, since the transcript fails to show that the superintendent was consulted upon the matter, it would be out of place for the courts to interfere.   The decree of the court below will therefore be modified, and one here entered enjoining the defendants from issuing the contemplated bonds on behalf of said district in excess of two thousand dollars, and as to all other matters contained in said decree the injunction will be dissolved; the plaintiffs to recover their costs and disbursements in this court and in the court below.

MODIFIED.

Argued January 23; decided March 12, 1895; rehearing denied.