## FAULTY MINUTES OF OFFICIAL ACTION.

[Circuit Court of Cuyahoga County.]

J. SHERMAN BECK v. THE BOARD OF EDUCATION OF ROCKY RIVER VILLAGE SCHOOL DISTRICT.*

Decided, November 10, 1905.

*Schools—Contract for Re-employment of Principal—Breach of—Suit Thereon—Recital of Minutes of Board—Correction Thereof by Clerk After Going Out of Office—What Constitutes Compliance With Section 3982.*

1. A clerk of a board of education can not by his own act, after the expiration of his term, lawfully correct his official entries in public records.
2. The legal adoption of a resolution by a board of education can only be shown by the entry upon the minutes of the names of the members of the board voting "aye" and the names of the members voting "nay," as required by Section 3982, Revised Statutes. A statement in the minutes of the board that all the members were present at roll-call, and later on that all voted "aye" on a given question, is not a compliance with this statute.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the Court of Common Pleas.

This proceeding in error is prosecuted by the plaintiff below to reverse a judgment rendered against him upon demurrer sustained to his amended petition, wherein he prayed damages for breach of an alleged contract, of May 4, 1903, to re-employ him as superintendent of schools for the following school year.

The petition avers that the minutes of the meeting of the board of education held on said date showed that all the members were present, when the meeting was convened, and that the resolution, upon roll-call, was passed, "all voting aye." The minutes did not, however, originally recite the names of those voting "aye"; but after the reorganization of the board, by the passage of the school code, had deprived the clerk of his office, he undertook to amend the minutes to conform literally to the provisions of Section 3982, Revised Statutes, requiring that,

* Affirmed by the Supreme Court without report, March 26, 1907,

upon a motion to adopt a resolution of this kind, "the clerk of the board shall call, publicly, the roll of all the members composing the board, and enter on the record required to be kept · the names of those voting 'aye' and the names of those voting 'no.' "

Plaintiff in error claims that he was lawfully employed notwithstanding these irregularities, because, first, the minutes, as originally recorded, showed substantially, who voted "aye," to-wit, all the members of the board, and that none voted "no"; secondly, the ex-clerk could lawfully, and did in fact, correct the minutes, to conform with the truth, by supplying the names of those that actually so voted.

On the latter point it is contended that the ex-clerk could, by mandamus, have been compelled to do what in the discharge of his official duty he ought to have done; and that he might, therefore, lawfully perform the same duty without such compulsion. Whatever may be true in reference to the continuing official duty of an ex-officer to surrender public property still retained by him after the expiration of his term, we can not agree that he can thereafter, by his own act, correct his official entries in public records. *Hartwell* v. *Inhabitants of Littleton*, 30 Mass., 229; *Boston Turnpike Co.* v. *The Town of Pomfret*, 20 Conn., 590; *Vaughn* v. *School District Thirty-one*, 27 Ore., 57.

Upon the remaining point, we are of opinion, based upon *Board of Education* v. *Best*, 52 Ohio State, 139, and especially upon the view of Judge Cooley, therein endorsed, as reported in *Steckert* v. *The City of East Saginaw*, 22 Mich., 104, that the original minutes of the board's meeting do not show that the resolution, here relied on, was lawfully adopted, because there is no entry of "the names of those voting 'aye,' and the names of those voting 'no'," as required by the section before mentioned. The syllabus of the Michigan case is in part as follows:

"A statute—charter of East Saginaw, Laws of 1859, p. 971— which requires that the vote of a city council, in certain cases, shall be entered at large on their minutes, is designed to accomplish an important public purpose; it can not be regarded as immaterial, nor its observance dispensed with. The record of a vote that it was adopted unanimously on call—the names of

those voting not otherwise appearing than by the statement of those present at the opening of the session—is not a compliance with the statute. Neither the spirit nor the purpose of the act can be satisfied without entries on the minutes showing who voted on each resolution embraced within the terms of the act, and how the vote of each was cast; in other words, the ayes and noes on each resolution must be entered at large on the minutes."

The reasons demanding so rigid a construction of this and similar enactments, and compelling the conclusion that alleged contracts thus imperfectly evidenced are void, appear further in *McCloud et al* v. *The City of Columbus*, 54 O. S., 439, 453; *City of Lancaster* v. *Miller*, 58 O. S., 558, 575; *Buchanan Bridge Co.* v. *Campbell et al*, 60 O. S., 406, 425.

The judgment below is affirmed.

*P. H. Kaiser*, for plaintiff in error.

*D. T. Miller*, for defendant in error.