Argued October 9, affirmed November 10, 1914.

# BEIRL *v.* COLUMBIA COUNTY.

### (144 Pac. 457.)

**Elections—Qualification of Voters—Statute—Validity.**

1. In Article II, Section 2, of the Constitution, describing the qualifications of electors in all elections not otherwise provided for by the Constitution, and limiting the right of suffrage at elections to male persons, the word "elections" does not include all acts of voting, but refers only to elections of public officers; and hence Section 6391, L. O. L., providing that any citizen of the state, male or female, 21 years of age, and a *bona fide* resident of the district for 30 days, having real property therein, the title of which is in his or her own name, on which he is liable to a tax, may vote at any district road meeting to authorize a road tax, does not violate the constitutional provision.

**Highways — Taxes — Levy — "Legal   Voters" — "Freeholder"—"Tax-payer."**

2. Section 6391, L. O. L., provides that any adult citizen, male or female, a *bona fide* resident of the district, having real property therein, standing in his or her own name, and liable for a tax, may vote at any district road meeting. The petition for such a meeting to levy a special road tax and the notice thereof were in due form, but the minutes of the meeting recited a levy on all taxable property in the district to defray the cost of improvements. The certificate to the County Court recited that the improvements were determined on at a "meeting of the legal voters and freeholders, * · * and by a majority vote of such freeholders and legal voters at such meeting," but in stating the levy of the tax by the meeting it was not stated by whose votes the levy was made. It was not shown that anyone not a legal voter voted at the meeting, or that the tax was not voted by the majority of the legal voters. *Held*, that the meeting was authorized to levy the road tax; that as every "legal voter" must be a "taxpayer" and "freeholder," and as a freeholder and taxpayer was not necessarily a "legal voter," who must be a resident owning property liable to taxation, and as such a "freeholder," the words "legal voters" should have been used in the certificate, but that, liberally construed, the irregularity in using the word "freeholder" and in one case "taxpayer" did not invalidate the levy.

> [As to the legal meaning of "taxpayer," see note in Ann. Cas. 1914C, 105–107.]

**Estates—"Freehold"—"Estates of Inheritance."**

3. Estates of freehold are divided into those of inheritance and those not of inheritance. All estates of inheritance in tenements are freehold; but, since freeholds embrace estates for life and those of indefinite duration which may endure for life, all freeholds are not "estates of inheritance."

> [As to who is a "freeholder," see note in Ann. Cas. 1913D, 327.]

**Highways — District Road Meeting — "Judicial Tribunal" — "Quasi Inferior Political Tribunal."**

4. A district road meeting duly petitioned for, notified and called under Sections 6384–6392, L. O. L., is not a "judicial tribunal," but is a *"quasi* inferior political tribunal."

**Taxation—Levy—Validity—Irregularities.**

5. The evidence of the levy of a tax must affirmatively appear from an inspection of the record of the meeting of the electors or their representatives; but the courts, in construing such records, will disregard irregularities and uphold the tax so long as the substance of a good vote sufficiently appears.

**Highways—Taxation—Validity of Proceedings.**

6. Section 6386, L. O. L., providing that a district road meeting legally called may determine what roads shall be specially improved, provided that the proposed improvements shall have been first submitted to the County Court, and may levy a special tax to meet such improvements, must be construed with Section 6387, providing that resolutions adopted by district road meetings relating to improvements and tax levies shall be transmitted to the County Court at its next regular meeting "following the adoption of such resolutions," and with other sections relating to special road improvements; so that resolutions transmitted to the County Courts after their adoption were valid.

**Highways—Taxation—Proceedings.**

7. Under Section 6386, L. O. L., providing that district road meetings legally called may determine special road improvements and levy taxes therefor, all the steps necessary legally to call a district road meeting, under Sections 6384–6392, L. O. L., are conditions precedent to authority to levy a valid tax.

From Columbia: JAMES A. EAKIN, Judge.

This is a suit by Louis Beirl against Columbia County, W. A. Harris, as county judge, A. E. Thompson, as sheriff and tax collector, and John Farr and Louis Fluhrer, as county commissioners. From a decree in favor of defendants, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Stapleton & Sleight,* with an oral argument by *Mr. R. Sleight.*

For respondents there was a brief and an oral argument by *Mr. W. B. Dillard.*

Department 2.    MR. JUSTICE RAMSEY delivered the opinion of the court.

The plaintiff was, at all the dates mentioned in this opinion, the owner in fee of the southwest quarter of section 4 in township 6 north, range 2 west of the Willamette meridian, in Columbia County.    Said land is in road district No. 5 in said county, and it was assessed in 1912 for the purpose of taxation, at the sum of $9,610, by the proper officer of said county.    A special road district meeting for said road district No. 5 was held in said district on December 21, 1912, pursuant to petition and notice.    Said special district road meeting, when convened, as stated *supra,* appointed a committee to go over the roads in said district and examine them and to draft resolutions concerning special road improvements in said district and in relation to levying a special tax to defray the expense of the proposed improvements. After appointing said committee, said district road meeting adjourned to reconvene at the same place on December 28, 1912, at 1 o'clock P. M.    Said district road meeting reconvened on December 28, 1912, according to said adjournment, and, after it had so reconvened, said committee reported to said meeting resolutions concerning said proposed special road improvements, containing specifications, estimates, etc.    The said resolutions for said proposed road improvements were adopted by said meeting.    At said meeting it was moved and seconded that said meeting levy an 8½-mill tax on all of the taxable property, real and personal, in said road district No. 5, to defray the expenses of the said improvements. This motion or resolution was adopted by said meeting.    On December 28, 1912, the chairman and the secretary of said meeting reported in writing to the

County Court of said county the road improvements that said meeting had decided should be made, as stated above, and the making of said levy of an 8½-mill tax on all the property of said road district, to obtain funds to defray the expense thereof, etc. On January 6, 1913, the County Court of said county made and entered an order thereof, approving the resolutions adopted by said district road meeting for road improvements in said road district No. 5, and the levying of said 8½-mill tax to obtain funds to defray the expense of said improvements. The proceedings of said district road meeting relating to said proposed road improvements and the levy of said tax, including the petition for the calling of said meeting, and proof of the posting of notice thereof, etc., were presented to the County Court of said county, and in making the tax levy for that year said court included therein the 8½-mill tax upon the property of said district, levied by said district road meeting, as stated *supra,* for special road improvements to be made in said district. The county clerk of said county, in extending the taxes upon the assessment-roll of said county, entered against the said real property of the plaintiff the sum of $124.93 for county, school and general road taxes, and the sum of $81.68 for special road tax in said road district No. 5, and thereafter and before March 1, 1913, said county clerk delivered to the defendant A. E. Thompson, as sheriff and tax collector of said county, a transcript of said assessment-roll with the amounts of taxes against the plaintiff's said property extended thereon, as aforesaid, and attached to said transcript a warrant for the collection of said taxes. The said sum of $81.68 is the amount of the special road tax on the plaintiff's said real property levied at said district

road meeting in said road district No. 5, as stated above.

Prior to the commencement of this suit, the plaintiff tendered to the tax collector of said county all of the said taxes assessed against his said land, except said sum of $81.68. The plaintiff brought this suit to obtain a decree declaring said special road tax of $81.68 invalid and to enjoin the collection thereof.

The defendants demurred to the complaint, alleging, *inter alia,* that it does not state facts sufficient to constitute a cause of suit. The court below sustained the demurrer, etc. The plaintiff appeals, and assigns as error the sustaining of said demurrer. The petition for the meeting of the legal voters of said road district No. 5 is in the following words:

"Petition to Supervisor to Call Meeting.
"To Fritz Anliker, Road Supervisor, Road District No. 5, Columbia County, Oregon:
"We, the undersigned, legal voters and freeholders residing within the above designated road district No. 5, Columbia County, Oregon, respectfully petition that you, as such road supervisor of said district, call a district road meeting of the legal voters of said district for the purpose of levying a tax for the special improvement of the roads in said road district and for any other business which may properly come before said meeting, and that you call such meeting to be held not later than December 21, 1912.

"F. H. CLARK.
"LOUIS BURKHARD.
"HENRY WASSEN.
"J. E. TRUMAN.
"H. M. FOWLER."

The following is a copy of the notice for the said district road meeting that was issued and posted by the road supervisor:

"Notice of District Road Meeting, Road District No. 5, Columbia County, Oregon.

"Notice is hereby given that in pursuance of a petition duly signed by five freeholders and legal voters of road district No. 5, Columbia County, Oregon, and presented to the undersigned road supervisor of said district, a district road meeting of the legal voters of said district No. 5 will be held at Red Men's Hall, Goble, Oregon, on the 21st day of December, 1912, at 1 P. M., for the purpose of voting a special road tax for permanent roads.

"Dated this 10th day of December, 1912.

"F. Anliker,

"Road Supervisor of R. D. No. 5, Columbia County, Oregon."

The complaint alleges that said tax levied on the property of the plaintiff as aforesaid is void for the following reasons:

"That the same was attempted to be levied under and by virtue of Sections 6384 to 6392, inclusive, of Lord's Oregon Laws, and that Section 6391, providing the qualifications for electors who may vote at such road district elections, is unconstitutional and void, in that it provides different qualifications for the voters at such elections than those prescribed by Section 2 of Article II of the Constitution, and in that said statute conflicts with Section 1 of Article II of the Constitution by admitting women to the right to vote at such election contrary to the Constitution in force at that time."

"That said attempted levy of special tax at such district road meeting was also void, for the reason that no record of a legal action of the persons authorized to levy such tax at such meeting was preserved, the minutes of the meeting held showing that the tax in question was levied or attempted to be levied by a majority vote of such freeholders and legal voters as attended the meeting, instead of showing that it was adopted by a majority of the legal voters only. That the minutes of said meeting show upon their face that a por-

tion of the persons voting at such election may have been freeholders only and not voters. That the minutes failed to show any resolution adopted at such meeting as required by law and the said proceedings were illegal and void, for the reason that the minutes show upon their face that the persons attempting to hold the meeting failed to first present to the County Court the proposed improvements and character and manner thereof before acting upon the same as required by Section 6383, Lord's Oregon Laws, and for the reasons aforesaid the said attempted levy of said tax is void and unauthorized.''

1. The first point alleged against the validity of said tax levy is that Section 6391, L. O. L., is contrary to Article II, Sections 1 and 2, of the Constitution. Article II, Section 1, declares that all elections shall be free and equal, and Section 2 of said article as it was in 1903, when Section 6391, L. O. L., was enacted, limited the right of suffrage at elections to male persons. Section 6391, *supra,* is as follows:

''Any citizen of this state, male or female, who is twenty-one years of age, and has been a *bona fide* resident of the district for thirty days immediately preceding the meeting or election, and has real property in the district, the title to which is in his or her own name, on which he or she is liable or subject to pay a tax, shall be entitled to vote at any district road meeting,'' etc.

At the time that this suit was commenced and prior thereto, it was an unsettled question whether Article II, Section 2, of the Constitution applied to votes taken at road meetings or at elections other than for public officers; but that question was settled by this court in the case of the *Oregon-Wisconsin Timber Holding Co.* v. *Coos County et al.,* 71 Or. 462 (142 Pac. 575). In that case the syllabus is in part as follows:

73 Or.—8

"In Constitution, Article II, Section 2, prescribing the qualifications of electors in all elections not otherwise provided for by the Constitution, the word 'elections' does not include all acts of voting or selection, but refers only to elections of public officers, and Section 6391, L. O. L., prescribing different qualifications for voters at an election to authorize a special tax in a road district, does not violate the constitutional provision."

That case is directly in point, and holds that Section 6391, L. O. L., is constitutional. It holds, also, that Article II, Section 2, of the Constitution applies only to elections of public officers. We approve and follow that case, and hold that Section 6391, *supra,* is constitutional and valid.

2-5. The next objection to the validity of the said tax levy is based on the fact that, in one place in the minutes of said district road meeting, the word "taxpayers" was used where the words "legal voters" should have been used, and that in the certificate or notice submitted to the County Court concerning the resolutions adopted and the said special road tax levied, by said district road meeting, as stated *supra,* the chairman and secretary of said meeting stated that the proposed improvements and the character and manner thereof, etc., "were determined upon as herein stated at a road district meeting of the legal voters and freeholders residing in said district No. 5 and by a majority vote of such freeholders and legal voters at such meeting," etc. Further on in said certificate or notice, it is stated:

"That, also, at said meeting a levy of eight and one-half mills on the dollar upon all taxable property, real and personal, in said Road District No. 5, was made as a special tax for the year 1913, for the purpose of raising funds with which to defray the ex-

penses of such proposed special improvements in said road district No. 5."

The words "legal voters" should have been used in the minutes of said meeting instead of "taxpayers." The word "freeholders" should not have been used in said certificate or notice at all. Said word was used in said certificate only in stating by whom the proposed improvements for said road district and their character and manner were "determined." It is there stated that they were "determined" by a majority vote of the freeholders and legal voters of the district; but, when said certificate states that an 8½-mill tax was levied at said meeting, it does not state by whom it was levied. It says that it was levied at said meeting; but it is not stated that freeholders had anything to do with levying the said tax.

Under Section 6391, L. O. L., every legal voter at a district road meeting must be a "taxpayer" and a "freeholder," but a freeholder and taxpayer is not necessarily a legal voter, because a legal voter, among other things, must be 21 years old, a resident of the district, and own real property in the district standing in his name upon which he is liable to pay taxes. Such an owner of real property is a freeholder. Professor Washburn, in Volume 1 of his work on Real Property (6 ed., p. 62), describes a freehold estate thus:

"Estates of freehold are again divided into those of inheritance and those not of inheritance. All estates of inheritance in tenements are freehold, but the converse of the proposition is not true, since freeholds embrace estates for life and those of indefinite duration, which may endure for life."

The legal voters of said district road meeting were "taxpayers" and "freeholders," but there are "tax-

payers'' and ''freeholders'' who are not legal voters at such a meeting.

The complaint does not allege that any person voted at said meeting that was not a legal voter thereat, or that said tax was not levied by a majority vote of the legal voters of said road district. The complaint alleges that said special road district meeting for district No. 5 was attempted to be held on December 21, 1912, ''pursuant to petition and notice,'' and it asserts that Exhibits ''A,'' ''B,'' ''C,'' and ''D'' annexed to the complaint are the petition and the notice, etc., for said road meeting, pursuant to which said road meeting was attempted to be held, as alleged in the complaint. Said petition and said notice, pursuant to which said meeting was held, contain everything that the statute requires should be therein and are in due form. Said petition is signed by five freeholders of said district and is addressed to the road supervisor of said district, asking him ''to call a district road meeting of the legal voters of said district for the purpose of levying a tax,'' etc.

The notice for said meeting is in due form, is signed by the road supervisor, and gives notice that ''a district road meeting of the legal voters of said district No. 5 will be held,'' etc. Exhibit ''A'' is an affidavit of the supervisor showing that the notice for said meeting was duly posted in three public places in said district at least ten days prior to the day upon which said meeting was held.

The meeting petitioned for, called and of which notice was given was to be ''a district road meeting of the legal voters of said district No. 5.'' None but legal voters were invited to attend said meeting. Other persons had no right to be there or participate in the proceedings. The road supervisor was, by Section

6390, L. O. L., made *ex-officio* chairman of such meetings. He attended said meeting and called it to order. Thus far all the proceedings are regular, and, when said meeting met and was called to order by the road supervisor, it had authority or jurisdiction to levy said tax, etc. Said meeting was not a judicial tribunal, but it was a *quasi* inferior political tribunal, with authority to levy a tax for special road improvements, etc. It decided that certain improvements in the roads of the district should be made and levied, said tax to defray the expense thereof.

We hold that all of the proceedings occurring after the meeting convened should be liberally construed. In *Vaughn* v. *School District,* 27 Or. 57 (39 Pac. 393), the court says:

"The evidence of the levy of a tax must therefore affirmatively appear from an inspection of the record of the meeting of the electors or their representatives making the same, and parol testimony is not admissible to aid, vary or contradict it. These records, however, are often made by persons not familiar with legal terms, nor skilled in the use of technical or exact language, and when they are offered as evidence of the levy of a tax, it is the duty of the courts in construing them to disregard irregularities, and uphold the tax, so long as the substance of a good vote sufficiently appears."

In his work on Taxation (2 ed.), page 337, Judge Cooley says:

"In voting the tax the people will be acting in their political capacity, and their action is to be favorably construed, and not to be overruled or set aside by judicial or any other authority, so long as they keep within the power bestowed upon them. Technical defects and irregularities should be overlooked, so long as the substance of a good vote sufficiently appears, for the obvious reason that local business is largely and of

necessity in the hands of plain people who are unskilled in the technicalities of law and unaccustomed to critical or even accurate use of language. A strict construction of their doings would inevitably be mischievous, and would defeat the collection of revenue in very many cases. It will be found, therefore, that the courts sustain such action whenever sufficient appears to make plain the intent of the voters, provided the intent is warranted by law.''

The minutes of said road district meeting contain the following entry as to the levying of said tax:

''Moved and seconded that we levy eight and one-half mill tax on all taxable property, real and personal, in road district No. 5, to defray expenses of above improvements. Carried.''

The improvements referred to in said extract from said minutes of said meeting were stated in said minutes before the entry was made of the levying of said tax.

We hold that the minutes of said district road meeting are sufficient to show that said tax was levied, the amount thereof, the property upon which it was levied, and the purpose for which it was imposed.

Referring to the county board of equalization, this court, in *Becker* v. *Malheur County,* 24 Or. 217 (33 Pac. 543), says:

''There is no provision of law of which we are aware making it the duty of the board to reduce to writing or preserve the evidence before it in the matter of the equalization of taxes, and, although it is an inferior tribunal, every presumption exists in favor of the regularity of its proceedings, after it has once acquired jurisdiction.''

See, also, *Thompson* v. *Multnomah County,* 2 Or. 41.

We hold that the proceedings of said district road meeting in levying said tax and the proceedings sub-

sequent thereto, relating to said tax, are sufficient within the ruling of this court in *Vaughn* v. *School District,* 27 Or. 57 (39 Pac. 393).

The word "freeholder" should not have been used in the certificate or notice transmitted by the chairman and the secretary of said meeting to the County Court in relation to what was done at said meeting; but the use of said word in said instrument was an irregularity that does not invalidate said tax proceeding.

6. The plaintiff contends, also, that the tax proceedings are void for the reason that the district road meeting decided what road improvements it desired made and levied the tax to obtain funds to defray the expense thereof before presenting the matter to the County Court for its approval. This contention is based upon Section 6386, L. O. L., which is as follows:

"District road meetings legally called shall have power to determine what, if any, county roads or portions thereof, of the road district shall be improved in any special manner, and to determine the extent and character of the improvement or improvements they shall make thereon; provided, however, that the proposed improvements, and the character and manner thereof, shall have first been submitted to the County Court; and shall have power to levy a special tax, not to exceed ten mills on the dollar, upon all the taxable real and personal property of the district, for the purpose of raising money with which to defray the expense of such special improvement or improvements," etc.

This section must be construed in connection with Section 6387, L. O. L., and other sections bearing on the subject of making special road improvements. Section 6387, *supra,* provides that resolutions adopted by district road meetings relating to special road improvements and the levying of taxes therefor, shall be

transmitted to the County Court at its next regular meeting following the adoption of such resolutions. That was done in this instance, and the County Court approved the action of the district road meeting, and afterward included in the levy of taxes against persons in district No. 5, the 8½-mill tax levied by said district road meeting. The resolutions for the road improvement and the levying of the special tax to defray the expense thereof were properly transmitted to the County Court after they were adopted by the district road meeting.

7. Referring to the requisites and validity of tax levies, 37 Cyc., pages 971, 972, says:

"Although it has been held that no tax can be sustained as valid, unless it is levied in accordance with the letter of the statute, as a general rule the forms, methods and various steps which the statute requires to be performed before the owners of property are properly chargeable with the tax, such as the filing of the petition for a levy, an order for the submission of the question to popular vote, the making of a previous estimate of the necessary or probable expenses of the municipality, and notice to the taxpayers of the meeting of the board which is to levy the tax, are conditions precedent to the validity of the tax and must be at least substantially followed in all material particulars; and a failure to substantially comply with the statutory requirements is a fatal omission invalidating the tax, although a formal levy is not required and mere irregularities or informalities will not invalidate the tax. If the statutory provisions relating to a levy have for their object the protection of the taxpayer against spoliation or excessive taxation, they are mandatory and must be followed; but if the requirements prescribed by the statute are designed for the information of assessors and other officers, and intended to promote dispatch, method, system and uniformity in the mode of proceeding, they are merely

directory, and a failure to comply with such requirements does not invalidate the levy; and this is also true of clerical and ministerial duties, the observance or nonobservance of which do not injuriously affect the taxpayer.''

Section 6386, L. O. L., provides that district road meetings legally called shall have power to determine what roads shall be improved and to levy a special tax upon all the taxable real and personal property of the district for the purpose of raising funds with which to defray the expense of such special improvement. All the steps necessary legally to call a district road meeting are conditions that are necessary to be performed to confer authority or power upon such a meeting to levy a valid tax; but, when these conditions are performed, the district road meeting has power to levy a valid tax. In this case, all the steps required legally to call the meeting referred to were duly taken, and hence said meeting had authority to levy a valid tax. It levied the tax, and we hold that the tax so levied was not vitiated by the irregularities and informalities of which the plaintiff complains.

The court below held that the tax levy as set forth in the complaint was valid and sustained the demurrer to the complaint. We find no error in the record, and the decree of the court below is therefore affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

MR. JUSTICE BEAN took no part in the consideration of this case.